IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES ANTHONY SCILLA,  ) | Civ. No. 11-00061 BMK |
| ) | |
| Plaintiff,  ) | ORDER GRANTING |
| ) | DEFENDANT'S MOTION FOR |
| vs.  ) | SUMMARY JUDGMENT |
| ) | |
| DEUTSCHE BANK TRUST  ) | |
| COMPANY AMERICAS, a National ) | |
| Banking Association, as Indenture  ) | |
| Trustee for AMERICAN HOME  ) | |
| MORTGAGE INVESTMENT  ) | |
| TRUST 2006-2,  ) | |
| MORTGAGE-BACKED NOTES  ) | |
| SERIES 2006-2,  ) | |
| ) | |
| Defendant.  ) | |
| _____ ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Deutsche Bank Trust Company Americas's Motion Summary Judgment (Doc. 22). The Court heard this Motion on March 12, 2012. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion is GRANTED.

BACKGROUND

On March 29, 2006, Plaintiff executed an Adjustable Rate Note ("Note") to purchase the subject property located in Kapolei, Hawaii. (Ex. A.)

The Note was in the amount of $472,000.00 in favor of the Lender, American Home Mortgage. (Id.) This Note was secured by a Mortgage executed on the same day. (Ex. B.) The Mortgage stated that Mortgage Electronic Registration Systems, Inc. ("MERS") "is the mortgagee" and "is acting as a nominee for Lender." (Ex. B.) The Mortgage also stated that MERS "has the right . . . to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling his [Mortgage]." (Id.)

Plaintiff stopped making monthly payments on the Mortgage in 2009. (Ex. C at 35.) On December 9, 2009, MERS, "acting solely as nominee for American Home Mortgage," assigned the Mortgage to Defendant. (Ex. D.) On December 24, 2009, Defendant filed its Notice of Mortgagee's Intention to Foreclose Under Power of Sale. (Ex. G.)

On December 17, 2010, Plaintiff brought this lawsuit against Defendant, seeking injunctive and declaratory relief, as well as quiet title of the Property against Defendant.

STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. See Fed. R. Civ. P.

56(c). In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

## DISCUSSION

I.     Count 1 for Injunctive Relief

In Count 1, Plaintiff states that he is entitled to an "injunction against [Defendant] from proceeding with the non-judicial foreclosure and, upon final hearing, an injunction prohibiting [Defendant] from proceeding with any non-judicial foreclosure against the subject property."

It is well settled that "Injunctive relief . . . is a remedy, not an independent cause of action. Badua v. Fremont Inv. & Loan, 2011 WL 1526813,

3

Civ. No. 10-00580 DAE-BMK, at *4 (D. Haw. April 20, 2011) (citation omitted). "Plaintiff may receive injunctive relief if [he] is entitled to such a remedy pursuant to an independent cause of action, but injunctive relief may not stand alone." Id. Therefore, Count 1 for Injunctive Relief fails to state a cognizable claim, and the Court grants summary judgment in favor of Defendant on Count 1.

II.        Count 2 for Declaratory Judgment

In Count 2, Plaintiff asserts:

> Plaintiff is entitled to a declaratory judgment under HRS § 632-1 of the following:
> (a)   That [Defendant] is not the holder and owner of the mortgages . . . against the subject property; and
> (B)   That [Defendant] is not entitled to pursue non-judicial foreclosure of a mortgage or mortgages that it does not own as a record owner.

In support of his argument for declaratory relief, Plaintiff contends that Defendant is not the owner and holder of the Mortgage because the Assignment of it to Defendant was invalid.

In this case, Plaintiff originally executed the Mortgage in favor of American Home Mortgage. (Ex. B.) MERS, who was authorized to act "as nominee for" American Home Mortgage, assigned the Mortgage to Defendant. (Ex. D.) The Assignment states:

4

> For good and valuable consideration, the receipt and
> sufficiency of which is hereby acknowledged, [MERS]
> does hereby grant, bargain, sell, assign, transfer, convey,
> set over and deliver unto [Defendant] the following
> described mortgage, securing the payment of a certain
> promissory note(s) for the sum listed below, together
> with all rights therein and thereto, all liens created or
> secured thereby, all obligations therein described, the
> money due and to become due thereon with interest, and
> all rights accrued or to accrue under such mortgage.

(Ex. D.)

Plaintiff challenges this Assignment by arguing that Defendant "does not prove that the mortgage was assigned by the real mortgagee, American Home Mortgage, and not simply MERS." (Opp. at 3.)

First, the Court notes that Plaintiff does not have standing to challenge the validity of the Assignment. See Velasco v. Sec. Nat'l Mortgage Co., 2011 WL 4899935, Civ. No. 10-00239 DAE-KSC, at *4 (D. Haw. Oct. 14, 2011) ("Plaintiffs have not alleged, nor can they prove, that they are intended beneficiaries of the Assignment. As strangers to the Assignment and without any evidence or reason to believe that they are intended beneficiaries of that contract, Plaintiffs may not dispute the validity of the Assignment.").

Nevertheless, even if Plaintiff could challenge the validity of the Assignment, he offers no evidence suggesting there is a genuine dispute of material fact regarding the Assignment to Defendant. During his deposition, Plaintiff

conceded that he did not have any evidence to dispute the Assignment's validity. (Ex. C ("Q. My question is do you have any evidence to dispute the validity of this assignment? A. No, I do not."))  Further, the documents submitted by Defendant show that MERS was the mortgagee and nominee of American Home Mortgage and that, "acting solely as nominee for American Home Mortgage," it assigned the Mortgage to Defendant.  Because Plaintiff fails to provide any evidence creating a genuine issue of material fact as to the validity of this Assignment, the Court grants summary judgment in Defendant's favor on Count 2 for Declaratory Judgment.

III.	Count 3 for Quiet Title

In Count 3, Plaintiff states that he "is entitled to have his legal title quieted against the claims of [Defendant] who claims that it is entitled to foreclose the mortgage."

"A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." Gaitan v. Mortgage Elec. Registration Sys., 2009 WL 3244729, Civ. No. 09-1009 VAP (MANx), at *12 (C.D. Cal. Oct. 5, 2009) (citation omitted).  Further, a "mortgagor cannot quiet his title against the mortgage without paying the debt secured." Id.  Where plaintiffs

concede they have not paid the debt secured by a mortgage, they "cannot sustain an action to quiet title." See id.

During Plaintiff's deposition, he testified as follows:

> [Q.] Do you have any documentation that shows you own the subject property free and clear?
> A. No, I do not.
> Q. And just to confirm, have you paid off the debt secured by the mortgage?
> A. No, I have not.

Ex. C at 38. Based on the foregoing testimony, Plaintiff concedes that he has not satisfied his debt obligations under the Mortgage. Consequently, Plaintiff "cannot quiet his title against the mortgage" and "cannot sustain an action to quiet title." Gaitan, 2009 WL 3244729, at *12. Summary judgment is therefore warranted on Count 3 for Quiet Title.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment. The Clerk of Court is DIRECTED to enter Judgment in favor of Defendant and to close this case.

Scilla v. Deutsche Bank Trust Co. Americas, etc., Civ. No. 11-00061 BMK; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

7

DATED: Honolulu, Hawaii, March 28, 2012.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Scilla v. Deutsche Bank Trust Co. Americas, etc., Civ. No. 11-00061 BMK; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.